

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4238
Re: Transfer of territory from
rural high school district
to independent school dis-
trict.

We have received your letter of recent date in which you ask this department as to the applicable statutes regarding the authority of the County School Trustees of Hill County to detach territory from the Penelope Rural High School District and annex such territory to the Mount Calm Independent School District. It is assumed that both of these school districts lie within the boundaries of Hill County.

Rural high school districts are classed as common school districts. See Article 2922-b, V.A.C.S. Therefore, the statutes governing the transfer of territory from common school districts to independent school districts would govern the transfer under consideration.

This same question was determined by the Supreme Court of Texas in the recent case of County School Trustees of Orange County, et al v. District Trustees of Prairie View Common School Dist. No. 8, 153 S. W. (2d) 434. The court held unconstitutional and void Senate Bill 388 of the Forty-fourth Legislature (Acts 1935, 44th Leg., R.S. Ch.339), which was a comprehensive law regulating the detachment and annexation of territory and superseding all laws previously enacted. Speaking for the court, Justice Critz made the following statement:

"Having determined that the Act of 1935 is wholly void, and having further determined that it repealed no law behind it, we reach the inescapable conclusion that the validity or invalidity

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the acts and orders of the County School
Board of Orange County involved in this case
must depend on whether or not they square with
the statutes of this State in force at the time
the Act of 1935 was passed.  It therefore be-
comes necessary for us to determine what acts
were then in force.

"An examination of our statutes discloses
the fact that when we eliminate the Act of 1935,
this case must be governed by Section 2 of Arti-
cle 2742e, Acts 1929, 41st Leg., 1st C.S., p. 259,
ch. 109, and Section 1 of Article 2742f, Acts
1929, 41st Leg., 1st C.S., p. 106, ch. 47, Board
of School Trustees of Young County v. Bullock
Common School Dist. No. 12, Tex. Com. App., 55
S. W. 2d 538,539. . .

". . . . .

"This case must be governed by Section 2
of Article 2742e, Acts 1929, 41st Leg., 1st C.
S., p. 259, ch. 109, and by Section 1 of Arti-
cle 2742f, Acts 1929, 41st Leg., 1st C.S., p.
106, ch. 47, construed together."

Section 2 of Article 2742e and Section 1 of Arti-
cle 2742f read respectfully as follows:

"Sec. 2.  That on and after the passage of
this Act the County Board of School Trustees in
any county in this State shall have authority
and full power to create Common School Districts,
to subdivide districts, and to change boundary
lines of any or all Common School Districts legal-
ly coming under the jurisdiction of the County
Board of School Trustees, subject to the super-
vision of the District Court having jurisdiction
over the county where the County Board is appoint-
ed or elected; provided that before any changes
may be made in boundary lines of school districts
the trustees of the Common School Districts af-
fected shall be notified to appear before the
County Board for a hearing, and after said hear-
ing, or the date set for said hearing, the County
Board of Trustees may pass such order or orders

as will carry out the provisions of this Act; provided, further, that the trustees of the districts affected may appeal from the decision of the County Board to the District Court."

"Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the District to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

The case cited by Justice Critz in the above quoted excerpt is Board of School Trustees of Young County v. Bullock Common School Dist. No. 12, 55 S. W. (2d) 538. The Commission of Appeals in discussing Section 2 of Article 2742e and Section 1 of Article 2742f made the following observation:

". . . So construing said acts together leads to the conclusion that the Legislature intended the provision for notice and hearing, contained in Section 2 of House Bill 220, to operate as a limita-

tion of the authority conferred on the county board by the other act, so far as a change in the boundary lines of a common school district is involved. Compliance with said provision was prerequisite to the exercise, by the county board of school trustees of Young county, of authority to change the boundary lines of the Bullock common school district, and, since there was no such compliance, the order for such change was unauthorized and therefore is invalid. The district had the right to apply directly to the courts, in the first instance, for relief against said invalid order. State Line Consolidated School District v. Farwell Independent School District (Tex. Com. App.) 48 S. W. (2d) 616."

You are, therefore, advised that under Articles 2742e, Section 2 and Article 2742f, Section 1, the following steps must be taken before the county board of school trustees, when duly petitioned, may enter a valid order transferring territory from the Penelope Rural School District to the Mount Calm Independent School District:

1. The board of trustees of the school district to which the annexation is to be made (Mount Calm) must by a majority vote approve the transfer.

2. The petition shall give the metes and bounds of the territory to be detached and shall be signed by a majority of the qualified voters residing in the territory to be detached.

3. Where the territory to be detached exceeds 10% of the entire district (Penelope), the petition must be signed by a majority of the trustees of such district in addition to a majority of the qualified voters of the territory that is to be detached.

4. The trustees of the Penelope Rural High School District must be notified to appear before the county board for a hearing.

On June 20, 1939, this department rendered Opinion No. O-275 involving the construction of Article 2742f as amended in 1935. The constitutionality of the amendment was not in issue and was, therefore, not passed upon in the opinion. In

view of the decision of the Supreme Court in the County School Trustees of Orange County v. District Trustees of Prairie View Common School Dist. No. 8, supra, holding said amendment unconstitutional, we now expressly withdraw Opinion No. O-275.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

APPROVED DEC 11, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GWS:LM

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN